# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05mj240

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **DAVID DOMINGUEZ.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon defendant's Motion for preliminary hearing. On November 22, 2005, plaintiff was charged by way of a Criminal Complaint with aggravated sexual abuse by force or threat, in violation of 18, United States Code, Section 2241(a). After defendant's arrest on such Complaint and his subsequent detention, a preliminary hearing was calendared for December 1, 2005, which is within the time provided by Rule 5.1(c), Federal Rules of Criminal Procedure. After the government had presented its evidence and the defendant had cross examined the government's witness extensively for a period of almost two hours counsel for defendant requested that the unnamed victim be made available for the defendant to call as a witness to testify. The United States attorney advised the undersigned that the victim was not present and that he did know where she might be at that point in time. He further told the court that he had not been advised that her attendance would be requested by the defendant and that the victim was not within his reach. Prior to the hearing, defendant had not moved for the issuance of a subpoena, sought issuance of a subpoena in blank, or filed any motion with the court indicating that defendant desired to examine the victim. The court, thereafter, recessed the hearing until December 6, 2005, to

allow briefing on the issue of whether defendant could call the victim to testify at a preliminary hearing, whether any rape-shield statute prohibited such course of action, and to allow time for a subpoena of the victim to issue if the law allowed the defendant to call the victim as a witness at the preliminary hearing stage of the proceeding.. Defendant then requested that the United States be enjoined from seeking an indictment in the matter pending completion of the hearing. The court denied such request inasmuch as it would infringe upon the independence of the Executive Branch. Defendant timely filed a brief on the issue of calling the victim. The government did not file a brief or respond to the filing of the defendant.

On December 5, 2005, the Grand Jury sitting at its regular December session in Asheville returned a true Bill of Indictment against defendant. Upon presentation of such True Bill, the United States dismissed the Complaint. The issue now before the court is whether to continue with the preliminary hearing on the dismissed Complaint or adjourn such hearing as moot.

The leading case in favor of reopening the preliminary hearing even after an indictment is returned is Coleman v. Burnett, 477 F.2d 1187 (D.C. Cir. 1973). In that case, the Court of Appeals for the District of Columbia Circuit held, as follows:

> We have, moreover, adhered to the view that such a deprivation can be remedied by a reopening of the hearing even after return of an indictment. The indictment bars relitigation of the question of probable cause, of course, but the fact remains that save for disrespect of the accused's rights he would have enlarged his insight into the Government's case against him-as a by-product of efforts pro and con on probable cause in the course of the Government's

> submission. Since, however, a Rule 5(c) right was dishonored, the accused lost a part of that by-product, and we have held that the hearing should be reopened to afford the accused an opportunity to retrieve the part which has been lost.

Id., at 1208 (footnote omitted). While the denial of discovery appears to have driven the decision in the District of Columbia, the Court of Appeals for the Fourth Circuit has long held, as follows:

> The purpose of a preliminary hearing is not to provide a discovery mechanism for the defendant, though this may be a collateral or incidental benefit from the hearing, but merely to determine "whether probable cause exists to bind an accused for action by a grand jury."

United States v. Anderson, 481 F.2d 685, 691 (4th Cir. 1973)(citations omitted). The Anderson court went on to hold that "[a]fter indictment, a preliminary hearing would be an empty ritual." Id. (citation and corresponding quotation marks omitted).

Other cases emanating from the District of Columbia hold that an accused has a right to completion of the preliminary hearing where he was denied the right to call witnesses at such hearing. United States v. King, 482 F.2d 768 (D.C.Cir. 1973); Ross v. Sirica, 127 U.S.App.D.C. 10 (D.C. Cir.1967); Washington v. Clemmer, 119 U.S.App.D.C. 226 (D.C.Cir. 1964). The tenor of these cases appears to be that by denying a defendant the ability to call witnesses at the preliminary hearing, defendant was denied his sixth amendment right to effective assistance of counsel at every stage of the proceedings. The Court of Appeals for the Fourth Circuit distinguished Ross in Anderson, noting that

> It has been suggested that if the preliminary hearing is expanded into a discovery proceeding, there is danger of a "trial before a trial," a procedure that would bog down the expedient administration of criminal courts.

3

Anderson, supra, at 692, f.n.4 (citation omitted).

The line of cases relied on by the Anderson court stem from United States v. Milano, 443 F.2d 1022 (10th Cir.), cert. denied, 404 U.S. 943 (1971), and post-date the substantive revisions to 18, United States Code, Section 3060 in 1968. In Milano, the Court of Appeals for the Tenth Circuit held, as follows:

> It does not appear in the record before us whether the first continuance, issued over defendant's objection, was . . . made after the appropriate findings required by 18 U.S.C. § 3060(c). But even if this were not the case, there would be no grounds for reversal. First, a defendant's remedy for an improperly delayed preliminary examination is discharge from custody or the requirement of bond under 18 U.S.C. § 3060(d). This release is without prejudice to the institution of further proceedings upon the same charge. Second, no preliminary examination is required if an indictment is obtained first. 18 U.S.C. § 3060(e). We take these two sections to mean that defendant's remedy, if he was entitled to any, was release when his preliminary hearing was delayed, but that he could still be tried for the same offense if an indictment were subsequently handed down. The statute, as we read it, determines that the sole purpose of the preliminary examination is to test probable cause in order that innocent persons will not continue under arrest. If that determination is made by another means, there is no prejudice to defendant.
> 
> Defendant relies on Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965), and Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967), which did say that the preliminary examination also provided the defendant with discovery. But that is merely an incidental benefit-- which varies widely from case to case, depending on how much evidence the government produces at this early state-- and not the statutory purpose. Blue and Ross have not been followed in other circuits. Cf. United States v. Karger, 439 F.2d 1108 (1st Cir. 1971). Moreover, 18 U.S.C. § 3060 was enacted after both cases, and, we think, clarifies the statutory purpose.

Id., at 1024 -1025 (citations omitted).

In this case, the preliminary hearing was continued in the interests of justice inasmuch

as defendant had presented the court during the hearing with a question for which no answer was readily apparent, i.e., whether it would be appropriate for defendant to call the victim of the alleged sexual abuse to testify at the preliminary hearing. Further, even if the court had the research on that issue, such victim had not then been subpoenaed and was not available to testify at that time. The court recessed such hearing for the third business day to allow briefing and to provide an opportunity for the issuance of a subpoena if allowed by law. This is not unlike the situation that confronted the court in United v. Quinn, 357 F.Supp. 1348 (N.D.Ga. 1973), wherein the preliminary hearing was recessed to allow the FBI agent to redact his notes so that they could be examined by defense counsel. During the period of recess, the United States obtained an indictment, and the district court held, as follows:

> while this court may object to how the game is played, in the present case no substantive rights of the defendant have been lost, and consistent with the strong weight of authority, contrary to the cited cases in the District of Columbia Circuit, defendant's motions must be denied.

Id., at 1350. The district court went on to hold that

> [b]efore concluding, two things should perhaps be noted to dispel at least somewhat the atmosphere of unfairness left when an intervening indictment cuts short a preliminary examination. First, a defendant's opportunity for discovery is not denied, by the abridgement of a preliminary examination, it is merely delayed. Rule 16, Fed.R.Crim.P., and the disclosure requirements of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as applied in Giglio v. United States, 405 U.S. 150, 92 S.Ct. 765, 31 L.Ed.2d 104 (1972), and in Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968), afford ample opportunity for discovery after an indictment has been returned. If it is argued to the contrary that additional discovery is necessary then, as stated by Professor Wright, it should be provided by "carefully

5

considered amendment of the rules, rather than by a novel construction of the existing rule." 1 C. Wright, *Federal Practice and Procedure*, Criminal: § 80 at 139- 140 (1969 ed.).

Second, the preliminary examination does serve an important, substantive purpose, although at times the proceedings must appear to the defendant as little more than a legal charade. Even though the grand jury indictment, not the preliminary examination, is dispositive of determining probable cause, the magistrate's examination stands as a safeguard to ensure that the defendant will not be held in custody without probable cause while the government waits to present its evidence to the grand jury.

Id., at 1351.

Having considered defendant's brief and reviewed the pleadings, and it appearing that a True Bill of Indictment has been returned, the court adjourns the preliminary hearing in this matter as moot.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the preliminary hearing is **ADJOURNED** as **MOOT.**

**Signed: December 6, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge