# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:05CR266

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| DAVID DOMINGUEZ ) | |

**THIS MATTER** is before the Court on two motions by the Government and a "Request for Preservation of Evidence" from the Defendant.

The Government has moved pursuant to Fed. R. Crim. P. 12.1 for notice of the Defendant's intent to rely on an alibi defense. In that motion, the Government notes the "time, date and place of the alleged offense" as the "[e]arly morning hours of October 29, 2005, in Buncombe County, North Carolina, USA." Defendant responded that this is not sufficient for him to ascertain whether an alibi defense may be imposed and requested that he be excused from complying with the Rule. However, in addition to the disclosure in the motion, the indictment contains additional specific

information as to the location of the crime, *e.g.*, within the Blue Ridge Parkway. The Defendant's request is denied. ***United States v. Nelson-Rodriguez***, **319 F.3d 12 (1ˢᵗ Cir. 2003) (noting the bill of indictment contained further specificity);** ***United States v. Milton***, **1996 WL 324401 (W.D. Va. 1996) (The government is not required to specify the exact second that the crime was committed.).**

The Government also moved pursuant to Fed. R. Evid. 412 to exclude evidence offered to prove that the victim engaged in other sexual behavior and requested an *in camera* hearing on this issue prior to the admission of any such evidence at trial. The Defendant's response is that the rape kit prepared after the attack resulted in a report that the DNA profile is "consistent with a mixture from multiple contributors." A copy of the report is not attached. In addition, it is not disclosed whether the Defendant's DNA was consistent with the profile or whether the DNA of the "elimination standard" was consistent with the profile.

Rule 412 provides in pertinent part that:

Evidence offered to prove that any alleged victim engaged in
other sexual behavior [is not admissible].
. . .
In a criminal case, the following evidence is admissible, if
otherwise admissible under these rules:

> (A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;
> (B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent[.]

**Fed. R. Evid. 412(a)(1), (b)(1).** The Court finds that an *in camera* hearing must be conducted prior to the admission of any evidence at trial.

The Defendant has moved for the "the preservation of evidence;" however, the motion is less than clear. Apparently, the Defendant wants to have the DNA evidence evaluated by his own experts. Since defense counsel is privately retained and the Government has not indicated that it has any objection to such an evaluation, this is not a matter for Court intervention.

**IT IS, THEREFORE, ORDERED** that the Government's motion for an alibi notice is **GRANTED**, and the Defendant shall comply on or before **5:00 PM, THURSDAY, JANUARY 5, 2006.**

**IT IS FURTHER ORDERED** that the Government's motion for an *in camera* hearing pursuant to Fed. R. Evid. 412 is hereby **GRANTED,** and such hearing will be held on **MONDAY, JANUARY 9, 2006, AT 9:00 AM.**

**IT IS FURTHER ORDERED** that the Defendant's request for the preservation of evidence is hereby **DENIED** as moot.

The Clerk of Court is directed to serve this Order *via* facsimile transmission on defense counsel and the United States Attorney.

**Signed: January 4, 2006**

Lacy H. Thornburg
United States District Judge