# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:05CR266

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| DAVID DOMINGUEZ ) | |

**THIS MATTER** is before the Court on numerous motions which are addressed below.

## I. DISCUSSION

The Defendant has moved to continue the case from the January 2006 trial calendar citing the need for his expert witness to evaluate DNA evidence. He also claims there is outstanding discovery which has not yet been placed in the open file. For these reasons, the Court finds that a failure to grant the continuance would deny the Defendant's attorney the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. **18 U.S.C. § 3161(h)(8)(B)(iv).** The Court

further finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial. **18 U.S.C. § 3161(h)(8)(A).** The Defendant has also moved to suppress evidence. That motion is respectfully referred to the Magistrate Judge.

In view of the fact that the case is being continued from the trial calendar, the *in camera* hearing presently scheduled for Monday, January 9, 2006, is cancelled and the matter will be referred to the Magistrate Judge. However, in the event that the Defendant does not comply with the procedural requirements of Rule 412 of the Federal Rules of Evidence, the Magistrate Judge shall order the evidence excluded.

The Defendant has moved again for testing of DNA evidence. As previously noted, it appears that the Government has no objection to allowing an expert privately retained by the Defendant to review such evidence. As a result, Court intervention is not required. Defense counsel is cautioned not to file unnecessary motions in the future.

Finally, the Defendant has moved for release or, in the alternative, to reopen the detention hearing. In that motion, defense counsel chastises the undersigned for making the following errors: (1) considering the

Defendant's previous motion as one for review of the Magistrate Judge's order of detention; (2) failing to "enunciate" the proper standard to be applied by the Magistrate Judge; (3) failing to hold a second detention hearing; (4) improperly relying on information contained within a criminal complaint in a case which had been dismissed[1]; (5) improperly failing to make an "independent assessment" of whether the Defendant should be released; and (6) inappropriately and incorrectly concluding that the Defendant's Hispanic descent made him a flight risk. In addition to including a primer on the law of pretrial release and detention, counsel takes great pains to instruct the Court on the incorrectness of assuming the Defendant is a flight risk due to his Hispanic descent; and, indeed, provides an affidavit from the Defendant's wife indicating that the Defendant, in fact, is not of such descent. The Court finds it strange that the Defendant himself would not provide an affidavit attesting to the fact that he has no family in or ties to any country other than the United States. And, no reason is given for the fact that he did not do so, especially since he provided an affidavit in support of the motion to suppress.

---

[1] The criminal complaint has been filed in this case. The Court rejects Defendant's argument as frivolous.

The Court first considers the Defendant's claim that this Court should not have considered his motion, captioned "Motion for Pretrial Release" and filed after an order of detention was entered by the Magistrate Judge, as a request for review of that decision by the undersigned. According to the Defendant, that motion, despite its caption, was actually a motion for the Magistrate Judge, not the undersigned, to reopen the detention hearing. And, he claims, that the undersigned should not have considered the motion without conducting an new detention hearing. Moreover, counsel claims the Defendant is entitled to a hearing on this motion.

"A judicial officer authorized to order the arrest of a person . . . before whom an arrested person is brought shall order that such person be released or detained, pending judicial proceedings" in accordance with 18 U.S.C. §3142. **18 U.S.C. § 3141(a).** A Magistrate Judge is such a judicial officer within the federal court system. **18 U.S.C. § 3041.** The Magistrate Judge in this case conducted a hearing and determined, under the standards enunciated by 18 U.S.C. § 3142, that the Defendant should be detained pending trial. The Defendant's previous motion was not denominated as one to reopen the hearing before the Magistrate Judge. Indeed, at no point in the motion is reference made to the relevant section,

18 U.S.C. § 3142(f), which provides the standard for reopening a detention hearing. And, the language in the motion addresses review of a magistrate judge's order of detention. Thus, the undersigned properly characterized the motion as one seeking review. **18 U.S.C. § 3145(b);** ***United States v. Cisneros*, 328 F.3d 610, 615-16 (10th Cir. 2003) (review of a magistrate judge's order is by the court having original jurisdiction over the case, *i.e.*, the district court in the district of trial).**

Moreover, the Defendant was not and is not entitled to a completely new detention hearing before the undersigned. ***United States v. Borchert*, 2004 WL 407033 (N.D. Ill. 2004).** While the statute provides that the hearing "*may* be reopened" "if the judicial officer finds that information exists that was not known to the [defendant] at the time of the hearing and that has a material bearing on the issue," the statute does not require that the hearing be reopened either before the Magistrate Judge or the District Court. **18 U.S.C. § 3142(f).** In order to warrant reopening, the Defendant must come forward with evidence that is both new and material to the issue of dangerousness or flight. ***United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st**

Cir. 1991); **United States v. Ward**, 235 F.Supp.2d 1183, 1184 (N.D. Okla. 2002).

The Defendant claims that the victim's criminal history is new and material evidence because the fact that she has a prior record, rather than just one prior conviction, impeaches her credibility. The credibility of the victim, however, has no bearing on the fact that the Defendant remains a flight risk for the reasons previously set forth by the undersigned. **Order, filed December 21, 2005, at 4 ("The Defendant is not a native of North Carolina[.] He reported to the authorities that he wanted to return to Texas, did not have a steady job but was supported by his wife of two years with whom he was not getting along. . . . [He] also told the investigating agents that 'nothing good has happened in his life since he's been here and he wished he'd never come here' and could go home.").**

It also bears noting that it was this evidence upon which the undersigned relied to conclude by a preponderance of the evidence that the Defendant is a flight risk. *Id.*, **at 7-8.** Although counsel claims the Court relied on the Defendant's descent to conclude he was a flight risk, the record shows that the undersigned merely noted in a footnote that the

"record also *indicates* that the Defendant is of Hispanic descent, *a factor which might make it easier for him to flee to another country*." **Id., at 8 n.2 (emphasis added).** The words "indicate" and "might" clearly show that neither the Defendant's descent nor his connection to a foreign country was considered a fact. Nonetheless, consideration of a defendant's citizenship, or lack thereof, and foreign ties is appropriate in determining whether, by a preponderance of the evidence, a defendant is a flight risk. **See, e.g., United States v. Wang, 818 F. Supp. 156 (E.D. Va. 1993); United States v. Abad, 350 F.3d 793 (8th Cir. 2003); United States v. Townsend, 897 F.2d 989 (9th Cir. 1990); United States v. Giordano, 370 F.Supp.2d 1256 (S.D. Fla. 2005).**

The Defendant also argues, as he did previously, that the case against him is based on hearsay evidence. This is not new evidence. **Dillon, supra.** Nor is the Government obligated to present its entire case during a detention hearing. **Cisneros, 328 F.3d at 617.** The Defendant previously argued that the victim gave inconsistent statements, referring to reports of law enforcement which were not made of record. In addition to the fact that this is not new evidence, the undersigned relied on the testimony presented by the officers at the detention hearing, not on reports

which were not part of the record. The Defendant also claims he was denied the right to confront his accuser during his detention hearing.

> A pretrial detention hearing, however, is neither a discovery device for the defense nor a trial on the merits. The process that is due is only that which is required by and proportionate to the purpose of the proceeding. That purpose includes neither a reprise of all the evidence presented before the grand jury, nor the right to confront non-testifying government witnesses[.]

**United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (internal citations omitted); accord, United States v. Aron, 904 F.2d 221 (5th Cir. 1990).**

The undersigned has reviewed the evidence presented at the detention hearing and the arguments raised by the Defendant in two separate motions. Having made an independent review and determination, the undersigned concludes that clear and convincing evidence establishes that the Defendant is a danger to the victim and/or the community. The preponderance of the evidence shows that he is a flight risk as to whom no combination of conditions will reasonably assure his presence.

In short,

> [i]n the eyes of the law, there are very few charges more serious than a charge of [attempted] murdering [of] prospective witnesses because that conduct undermines the very fabric of our rule of law. [The undersigned is] satisfied that the government has shown by clear and convincing evidence that

> [the Defendant] presents "a identified and articulable threat" to an individual[.] Although the Government obviously cannot prove that [the Defendant] would in fact injure [the victim] if [he] were released pending trial, it has presented clear and convincing evidence [.]

*Cisneros*, 328 F.3d at 619. As a result, the motion is denied.

## II. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to continue is **ALLOWED**, and this case is continued from the January 2006 term of Court and shall be placed on the March 2006 term in the Asheville Division. The parties are advised that this case will not be continued again.

**IT IS FURTHER ORDERED** that the Defendant's motion to suppress is referred to the Magistrate Judge.

**IT IS FURTHER ORDERED** that the *in camera* hearing presently scheduled for Monday, January 9, 2006, at 9:00 a.m., is hereby cancelled and the Government's motion pursuant to Rule 412 of the Federal Rules of Evidence is referred to the Magistrate Judge for an *in camera* hearing. In the event the Defendant does not comply with the procedural requirements of that Rule on or before one week prior to the hearing, the Magistrate

Judge shall summarily exclude the evidence without a hearing. The Magistrate Judge may, in his discretion, appoint counsel for the victim.

**IT IS FURTHER ORDERED** that the Defendant's second motion concerning testing of DNA evidence is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Defendant's motion for release or, in the alternative, to reopen the detention hearing, is hereby **DENIED**.


**Signed: January 6, 2006**

Lacy H. Thornburg
United States District Judge